UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NEDRA POLK, | : | Case No. 09-cv-799 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| PSYCHIATRIC PROFESSIONAL | : | |
| SERVICES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**[1] **THAT: (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT BE GRANTED (Doc. 14); AND (2) DEFENDANT'S MOTION TO DISMISS (Doc. 10) BE DENIED AS MOOT**

This civil action is before the Court on Defendant The University of Cincinnati's[2] motion to dismiss[3] (Doc. 10), Plaintiff's responsive memorandum (Doc. 13), and Plaintiff's motion for leave to file an amended complaint (Doc. 14), to which Defendant did not respond.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint alleging racial discrimination under Title VII and Ohio Revised Code Chapter 4112. Defendant filed a motion to dismiss alleging that Plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] There are two defendants in this civil action. The University of Cincinnati ("UC") and Psychiatric Professional Services, Inc. ("PPSI").

[3] Defendant classified its motion as a motion to dismiss, but cited to Federal Rule of Civil Procedure 12(c), which governs motions for judgment on the pleadings. The undersigned construes the motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

state law claims against the University of Cincinnati ("UC") were barred by the Eleventh Amendment and that the Title VII claims should be dismissed because Plaintiff failed to plead non-conclusory facts that UC was Plaintiff's employer. In her response to the motion to dismiss, Plaintiff claims that: (1) she only intended to assert state law claims against PPSI; and (2) that she clearly stated in the complaint that UC was affiliated with PPSI and that both UC and PPSI hired her, provided benefits, and served as her employer.

Subsequently, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 14). Defendant did not respond. In the motion for leave, Plaintiff seeks to clarify the state law claims and provide additional facts regarding her employment by UC.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." Further, the Supreme Court has stated:

> In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.- the leave should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996). Given the policy of liberality behind Rule 15(a), courts are obligated to give due consideration to motions to amend. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Although generally recognizing the presumption in favor of granting motions for leave to amend, courts will examine various factors in order to determine whether leave to amend is warranted. These include undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.

In any case, the decision to grant a motion for leave to amend is at the court's discretion and depends on the particular circumstances involved. *Foman*, 371 U.S. at 182; *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973).

### III. ANALYSIS

#### A. Motion for Leave to Amend the Complaint

Upon review of Plaintiff's motion for leave to amend the complaint, the undersigned does not find any indication of bad faith, undue delay, or a dilatory motive. Furthermore, the undersigned finds that allowing Plaintiff to amend the complaint does not unduly prejudice Defendant at this early stage in the litigation, especially given the fact that Defendant did not oppose Plaintiff's motion.

#### B. Motion to Dismiss

"Because amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss

moot." *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). "The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward." 6 Wright, Federal Practice & Procedure § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Id*. Any subsequent motion filed by the opposing party should be directed at the amended pleading. *Id.* (citing *Hartman v. Register*, No. 1:06-cv-33, 2007 U.S. Dist. LEXIS 212275 (S.D. Ohio Mar. 26, 2007) (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint)); *see also Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 U.S. Dist. LEXIS 60105, at *12-13 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint").[4]

The only circumstances in which filing a amended complaint may not moot a motion to dismiss is when the amended complaint is substantially identical to the original complaint. *Pethel*, 2007 U.S. Dist. LEXIS 60105, at *12-13. For example, when a

---

[4] *Accord: Hibbets v. Lexington Ins. Co.*, No. 07-5169, 2008 U.S. Dist. LEXIS 9540, at *2 (E.D. La. Feb. 7, 2008) ("even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint."); *Ziegler v. Gretna City Police Dept.*, No. 96-3373, 1997 U.S. Dist. LEXIS 5747 (E.D. La. Apr. 21, 1997) (granting plaintiff's motion for leave to file a supplemental complaint and dismissing defendants' motion to dismiss as moot).

motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss. *In Re: GI Holdings*, 122 Fed. Appx. 554, 556 (3rd Cir. 2004). In the instant case, however, the amended complaint specifically addresses the issues raised in Defendant's motion to dismiss.

Since Plaintiff's motion to amend effectively moots Defendant's motion to dismiss because it directly addresses the issues raised therein, this Court should decline review of the underlying claims unless and until Defendant renews its motion to dismiss as directed at both the original and supplemental complaint.

## VI. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 14) be **GRANTED**;
2. Plaintiff's counsel be **DIRECTED** to **FILE** the supplemental complaint; and
3. Defendant's motion to dismiss (Doc. 10) be **DENIED** as **MOOT**.


Date: March 29, 2010                                     s/ Timothy S. Black
                                                         Timothy S. Black
                                                         United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NEDRA POLK, | : | Case No. 09-cv-799 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| PSYCHIATRIC PROFESSIONAL | : | |
| SERVICES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).